## BERNSTEIN v. GLUCK et al.

District Court, S. D. New York.

Feb. 10, 1947.

Charles Sonnenreich, of New York City, for plaintiff.

Samuel E. Harwitz, of New York City, (Henry J. Lucke, of New York City, of counsel), for defendants.

HULBERT, District Judge.

Motion for leave to amend answer. By supplemental motion it is also sought to include a counterclaim.

Upon the argument, counsel for plaintiff consented to items (a) and (b) in the no-

tice of motion, and that relief is granted, issue to remain as of the date of the service of the original answer herein but plaintiff may, if he so desires, examine the defendants before trial with regard to these matters to be set forth in the amended answer as if the date of service thereof controlled for the purposes of Rules 26 to 37, inclusive, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

No objection is made to item designated (c) and that relief is also granted.

By item designated (d) the defendant seems to set up a separate and distinct and affirmative defense to the agreement referred to in paragraphs 19, 20, 21 and 22 of the complaint, filed on July '18, 1946, alleging that if said agreement is oral its enforcement is barred by the statute of frauds. The objection of the plaintiff is that the statute of frauds is not a good defense to that claim for relief, the substance of which the plaintiff as owner of certain letters patent disclosed to defendants the manner in which a lady's undergarment manufactured by plaintiff was made; it also alleges that at the time of said disclosure, the plaintiff and defendants entered into an agreement whereby the defendants would not manufacture or sell ladies garments manufactured in accordance with plaintiff's patent, as disclosed by plaintiff to defendants, unless the defendants paid to plaintiff, as a royalty, the sum of $1 for each dozen undergarments so manufactured and sold by them.

The complaint then proceeds to allege, upon information and belief, that the defendants commenced the manufacture and sale of undergarments embodying the construction disclosed by the plaintiff to the defendants, without paying compensation to plaintiff as agreed upon, and that the defendants have manufactured and sold such garments in such numbers as would entitle plaintiff to receive royalty payments in the sum of $10,000.

The answer, as it now stands, denies these allegations of the complaint.

Plaintiff's attorney suggests that such an agreement need not be reduced to writing since the theory of recovery is based on quasi contract or quantum meruit.

■ From the pleadings and the moving papers on this motion the court cannot reach a conclusion that the defense of the statute of frauds would be of no avail to the defendants. Reliance upon the statute of frauds as an affirmative defense must be pleaded. Rule 8(c), F.R.C.P. Whether it is a good defense or not depends upon the evidence offered at the trial. The Court is not satisfied that the defendants could have availed themselves of this defense when they prepared and served their answer and believes that the ends of justice will be best served by allowing the amendment.

■ Upon the argument of these motions the Court indicated that the relief sought in the supplemental motion for leave to amend the answer would be denied, without prejudice. Defendants seek to include an affirmative defense and counterclaim alleging in substance that the plaintiff publicized in the public press infringement of his patent by defendants prior to adjudication of the issue of infringement, resulting in damages to the defendants in the sum of $50,000.

In support of this, an affidavit of one of the attorneys for defendants is submitted, but, in the absence of affidavits of the defendants themselves, it fails to show sufficient cause, and fails to satisfy the court that the relief should be granted, and that relief is denied, without prejudice.

■ Finally, the defendants seek an order requiring plaintiff to produce the agreement heretofore referred to. The court understood it was oral, but if there be such an agreement in writing, defendants should be permitted to see it. Settle order on notice.